UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES MICHAEL ROSS,<br>    *Plaintiff*,<br><br>v.<br><br>U.S. ATTORNEY GENERAL MERRICK<br>GARLAND, CHIEF JUSTICE JOHN ROBERTS,<br>UNITED STATES MAGISTRATE JUDGE<br>SUSAN K. LEE, UNITED STATES DISTRICT<br>JUDGE TRAVIS R. MCDONOUGH,<br>    *Defendants*. | No. 1:24-cv-00207-CEA-CHS |

## REPORT AND RECOMMENDATION

**I.     Introduction**

Plaintiff Charles Michael Ross is proceeding in this action pro se. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the undersigned will recommend that this lawsuit be dismissed.

**II.    Facts**

    **A.     Background**

To understand the allegations in the present Complaint, it is necessary to review the three lawsuits Plaintiff filed in this Court which preceded the instant case:

- This current action is the fourth out of ten lawsuits Plaintiff Charles Michael Ross has filed in this Court since June 10, 2024.

- In Plaintiff's first lawsuit, No. 1:24-cv-00190, filed on June 10, 2024, Plaintiff sued the State of Tennessee and the Hamilton County Circuit and Chancery Courts in Case No. 1:24-cv-00190, filed on June 10, 2024.

- In Plaintiff's second lawsuit, No.1:24-cv-00191, filed June 10, 2024, Plaintiff sued the State of Tennessee, Hamilton County General Sessions Court, and General Sessions Court Judges Christie Sell and Alexander McVeagh.

- In Plaintiff's third lawsuit, No. 1:24-cv-00196, filed June 17, 2024, Plaintiff sued the State of Tennessee, Hamilton County General Sessions Court, the Hamilton County Circuit and Chancery Court, and Judge Christie Sell

- The gravamen of the first three cases filed by Plaintiff is that the defendants have deprived him of due process under federal and state law by refusing to set aside a judgment entered against him in favor of Portfolio Recovery Associates in the Hamilton County General Sessions Court in May 2024, and by refusing to grant him indigency status to prosecute his claims and appeals in state court.

- In the present case in this Court, Plaintiff sues United States Attorney General Merrick Garland, Chief Justice of the United States Supreme Court, John Roberts, United States Magistrate Judge Susan K. Lee, and United States District Judge Travis R. McDonough. In this lawsuit, Plaintiff seeks review of decisions unfavorable to Plaintiff made by "judges and employees of the Hamilton County Courts of Tennessee" in 2024. [Doc. 2, Complaint, Sec. IV, p. 4].

- The first three cases filed by Plaintiff were found to be related under E.D. Tenn. L. R. 3.2. United States District Judge Charles Atchley and United States Magistrate Judge Susan Lee were assigned to those three cases.

- On June 24, 2024, Plaintiff filed the present lawsuit in which he included Magistrate Judge Susan Lee as a defendant. As a result, Magistrate Judge Lee recused from the first three actions which were subsequently reassigned to the undersigned Magistrate Judge.

- In all of the first three cases, Plaintiff sought *in forma pauperis* status which the undersigned granted, in each case, on July 1, 2024. The undersigned then conducted the screening required pursuant to 28 U.S.C. § 1915(e)(2) in the first three cases, nos. 1:24-cv-190, 1:24-cv-191 and 1:24-cv-196, and issued a report for each recommending that the action should be dismissed. Those reports and recommendations are now awaiting review by the District Judge.

**B.     Plaintiff's Present Complaint**

Plaintiff filed the instant action on June 24, 2024, against U.S. Attorney General Merrick Garland, Chief Justice John Roberts, Chief United States District Judge Travis McDonough, and United States Magistrate Judge Susan K. Lee. This fourth case, No. 1:24-cv-207, arises from this Court's treatment of Plaintiff's first three cases filed in this Court. Plaintiff makes no allegations

against Attorney General Garland or Chief Justice Roberts in the instant case. He does allege, however, the following:

- On June 21, 2024, he called Judge McDonough's and Judge Lee's offices to ask for a status update on his three pending federal cases. [Doc. 2, at p. 6, ¶¶ 5-6].

- A woman in Judge Lee's office confirmed the three cases had been deemed related and told him there were no further updates and that he "would be notified in due course of any updates to the cases." [*Id.* p. 6, ¶ 5].

- Also on June 21, 2024, he left a message on voicemail for Judge McDonough's office asking for a status update and giving his return phone number. [*Id.* at p. 6, ¶¶ 6-9].

- On June 24, 2024, when he had received no return call from Judge McDonough's office and had reviewed Pacer which showed no updates to his cases, he filed this action in this Court stating, "I believe that I have been willfully conspired against by officials of the government of Tennessee and the United States in order to deprive and hinder me of the free exercise of my rights under the Constitution and laws of the United States and Tennessee." [*Id.* at p. 7, ¶ 10].

- Plaintiff seeks "$84,000 in damages for the failure of U.S. District Judge Travis R. McDonough & Magistrate Judge Susan K. Lee to promptly carry out their duties under the law with regards to case nos. 1:24-cv-190, 1:24-cv-191 & 1:24-cv-196 . . . [and] that these cases be reassigned to judges who will promptly carry out their duties under the law." [*Id.*, Sec. IV, Relief, at p. 4].

### III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of

what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Complaint Should be Dismissed for Three Reasons

Plaintiff's complaint should be dismissed because: (1) it is frivolous; (2) it fails to state a claim; and (3) the named judges are immune from suit for damages.

#### 1. The Complaint is Frivolous

Plaintiff is displeased that the Court did not take action on his cases within two weeks of the filing of the first two cases, and within one week of the filing of the third case. He is also displeased that his phone call was not returned *immediately.* He cites the aforementioned conduct (or lack of conduct) as evidence of a conspiracy against him "by officials of the government of Tennessee and the United States." These time periods, according to Plaintiff, are evidence that the

judges of this Court are conspiring with the judges of Hamilton County General Sessions Court to deprive him of his federal and state constitutional rights.

District Courts have the inherent authority to manage their dockets. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This Court has a busy docket, and each judge is responsible for many different matters at any given time. The time periods about which Plaintiff complains are in no way excessive. Moreover, a party has no constitutional right to have an *ex parte* conversation with the judge assigned to his case or the judge's staff concerning the status of his pending case. *See generally United States v. Barnwell*, 577 F.3d 844, 853 (6th Cir. 2007). Finally, a court speaks through its orders and judgments—not through telephone calls. *United States v. Penney*, 576 F.3d 297, 304 (6th Cir. 2009) (a "court speaks through its orders and judgments") (quoting *Williams v. Brown*, No. 90-1034, 1990 WL 208669, *1 (6th Cir. Dec. 4, 1990)). The present lawsuit is patently frivolous.

### 2. The Complaint Fails to State a Claim

Plaintiff alleges in his Complaint that Defendants took too long to act on his case and, therefore, must be in a conspiracy with state officials to deprive him of his state and federal constitutional rights. Plaintiff's Complaint does not state a claim for civil conspiracy:

> civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). To prove conspiracy, plaintiffs must show (1) "that there was a single plan," (2) "that the alleged coconspirator shared in the general conspiratorial objective," and (3) "that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id.* at 944.

*Rieves v. Town of Smyrna*, 67 F.4th 856, 862 (6th Cir. 2023). Plaintiff has pleaded no facts which satisfy any of the elements of a civil conspiracy claim. Plaintiff's allegation of a conspiracy is nothing more than a conclusory allegation unsupported by any factual allegations.

### 3. The Defendant Judges Have Immunity from Suit

When and how a judge acts on specific matters pending in a case falls squarely within the judge's core "judicial functions." A judge is immune from a suit seeking monetary damages for the judge's performance of his or her judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 -11 (1991). This immunity applies even where a plaintiff accuses a judge of acting maliciously or corruptly. *Id.* at 11 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815–819 (1982)). Simply put, Judge Lee and Judge McDonough are immune from suit in this case.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's lawsuit be **DISMISSED**.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).