# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

|  |  |  |
|---|---|---|
| CHARLES MICHAEL ROSS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 1:24-cv-207 |
| v. | ) | |
| | ) | Judge Atchley |
| MERRICK B. GARLAND, *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants.* | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On August 26, 2024, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation [Doc. 11] (the "R&R") pursuant to 28 U.S.C. § 636 and the rules of this Court. Magistrate Judge Steger screened the Complaint [Doc. 2] pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that the Complaint is frivolous, fails to state a claim upon which relief can be granted, and is against Defendants who are immune. Judge Steger therefore recommends this action be dismissed.

Plaintiff was advised that he had 14 days to object to the R&R and that failure to do so would forfeit any right to appeal. [Doc. 12 at 4 n.1]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). He did not file an objection.

The Court has nonetheless independently reviewed the record and agrees with Judge Steger's well-reasoned findings and conclusions. For reasons that follow, the Report & Recommendation [Doc. 11] will be **ACCEPTED** and **ADOPTED** and this action **DISMISSED** as frivolous.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This is the fourth of ten lawsuits Plaintiff filed between June 10 and August 18, 2024. The first three, Case Nos. 1:24-cv-190, 1:24-cv-191, and 1:24-cv-196, all relate to Plaintiff's attempts to challenge state court judgment(s). He alleges, *inter alia*, that he was denied due process and the right to proceed *in forma pauperis*, and names the State of Tennessee, Hamilton County Circuit and Chancery Courts and/or Clerks of Court, and multiple state court judges as defendants.

In the instant action, Plaintiff claims this Court has already mishandled his first three cases by not addressing them sooner and not immediately returning his phone calls. His "Statement of Claim" is a narrative chronology of his communications with the chambers of Magistrate Judge Susan K. Lee and Chief Judge Travis R. McDonough regarding the three earlier-filed cases. He recounts calling to get a "status update" shortly after filing his complaints, leaving voicemails, and checking the dockets in his cases. He alleges his voicemail to Chief Judge McDonough's chambers was not immediately returned. Finally, he alleges that no action was taken on his cases as of June 24, 2024, a mere fourteen days after the first two were filed and seven days after the third was filed. He does not say what, exactly, he believes the Court should have done in that time period.

Based on these circumstances, Plaintiff believes he has "been willfully conspired against by officials of the government of Tennessee and the United States in order to deprive and hinder me of the free exercise of my rights under the Constitution and laws of the United States and Tennessee." [Doc. 2 at 7, ¶ 10]. He seeks $84 million in damages as relief for the failure of Judges McDonough and Lee "to promptly carry out their duties under the law with regards to case no. 1:24-cv-190, 1:24-cv-191, & 1:24-cv-196 which involves the violation of my rights by judges & employees of the Hamilton County Courts of Tennessee." [Doc. 2 at 4]. He asks that these cases

2

be reassigned to judges "who will promptly carry out their duties under the law." [*Id.*]. He names Attorney General Merrick Garland, Chief Justice John Roberts, Magistrate Judge Susan Lee, and Chief Judge Travis McDonough as Defendants. [Doc. 2 at 2].

## II.    ANALYSIS

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2). Conducting this review, Magistrate Judge Steger recommends this action be dismissed because it is frivolous, fails to state a claim, and is against Defendants who are immune from a suit for damages. [Doc. 11 at 4].

Despite the lack of objection, the Court has reviewed the record and agrees with Magistrate Judge Steger's findings of fact and conclusions of law. In particular, the Court finds that Plaintiff's Complaint is completely frivolous. Plaintiff is not entitled to review of his claims within two weeks of filing. He is not entitled to discuss his cases *ex parte* with a judge or the judge's staff. He is not entitled to immediate return calls from any employee of the Court. Finally, Plaintiff makes no allegations at all against Attorney General Garland or Chief Justice Roberts.

He has also wholly failed to state a claim for relief. He cites two federal statutes: 18 U.S.C. §§ 241 and 242. [Doc. 2 at 3]. But "[t]hese are criminal statutes," and Plaintiff "cannot initiate a federal criminal prosecution of the defendants." *Bey v. Sessler*, 2024 WL 2078564, *3 (6th Cir. Feb. 29, 2024); *see also Moon v. Bramlett*, 2024 WL 4363571, *7-8 (E.D. Mo. Oct. 1, 2024) (no private right of action for violations of 18 U.S.C. §§ 241 and 242). Nor can he state a claim for civil conspiracy based on his conclusory and unsupported belief that he is being conspired against. Moreover, as the Magistrate Judge explained, Plaintiff's Complaint purports to bring suit against

3

Defendants who are immune. Judicial immunity "is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Prof. Responsibility*, 63 F.4th 510, 518 (6th Cir. 2023).

Finally, the Court notes that Plaintiff filed ten lawsuits in this Court in seventy days, many of which relate to the same subject matter. The instant action is patently frivolous, fails to state a claim, and is against Defendants who are immune from suit. Plaintiff is therefore **CAUTIONED** that litigants who abuse the judicial process may be subject to sanctions, including reasonable restrictions on court access. *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

## III.  CONCLUSION

Accordingly, the Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 11]. The Complaint [Doc. 2] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) because it frivolous, fails to state a claim, and is against Defendants who are immune from a suit for damages.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE

4